IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNEST BENJAMIN III,

      Plaintiff,

vs.                                                    No. CIV 14-0784 JB/SMV

JAMES JACKSON, Lieutenant of
N.M. Department of Corrections, Southern
New Mexico Correctional Facility; LUIS
URQUIDI, Sargent of N.M. Department of
Corrections, Southern New Mexico Correctional
Facility; RICARDO SALAYANDIA; STEVE
NANCE, Warden of Southern New Mexico
Correctional Facility; JERRY ROAK, Director
of Corrections; LAWRENCE ARTIAGA; and
MICHAEL HOLMAN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Prisoner's Civil Rights Complaint, filed August 28, 2014 (Doc. 1)("Complaint"). Plaintiff Bernest Benjamin III is incarcerated and appears pro se. He paid the filing fee and has not sought leave to proceed under 28 U.S.C. § 1915. For reasons set out below, the Court will dismiss certain of Benjamin's claims.

The Court reviews the Complaint under § 1915A(a), (b). As pertinent here, § 1915A provides:

> The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a), (b).  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing the Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafted, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Benjamin asserts claims arising from two separate incidents.  He alleges that Defendant James Jackson told inmate Sundvall that Benjamin had called him a "snitch," which would amount to "putting a deadly tag on [Sundvall]."  Shortly afterward, Sundvall and others assaulted Benjamin and caused him serious injuries.  Defendant Luis Urquidi allegedly wrote a false report stating that the incident had been a fight and not an assault.  Administrative officials provided no relief on Benjamin's appeal from disciplinary proceedings after the incident.

The second incident occurred several months later as Defendants Lawrence Artiaga and Michael Holman were transporting Benjamin and other inmates from one facility to another.  The inmates complained after being thrown from their seats when the driver "hit the breaks [sic] on the freeway."  Artiaga and Holman stopped the van, opened a door, and sprayed "Phase IV pepper Spray fogger" into the passenger compartment.  The spray made Benjamin cough and feel as though his "entire body was on fire."  He received no response to the grievance that he filed.  Benjamin contends that the Defendants' actions violated his rights under the Eighth and

Fourteenth Amendments to the Constitution of the United States of America. He asks for injunctive relief and damages.

Benjamin alleges that Urquidi filed a false report in the disciplinary proceedings after the first incident. This allegation does not support a claim under 42 U.S.C. § 1983 against Urquidi. In this context, Due Process guarantees only that Benjamin receive adequate procedural protections at the disciplinary hearing on the charges against him. In Williams v. Smith, 781 F.2d 319 (2d Cir. 1986), the United States Court of Appeals for the Second Circuit held that a prisoner's allegation that a guard "filed a false misbehavior report which initiated [a] procedurally flawed disciplinary hearing," 781 F.2d at 324, did not state a claim for a constitutional deprivation. "The filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing." Williams v. Smith, 781 F.2d at 324. See also Northington v. McGoff, No. 91-1252, 1992 WL 149918, at *1, *4 (10th Cir. June 25, 1992)(unpublished)[1](noting that allegation that guard planted false evidence does not state a § 1983 claim if inmate received due process). Instead, whether the guard's false report violates the defendant's due process rights turns on whether the defendant ultimately received the

---

[1] Northington v. McGoff is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Northington v. McGoff and Boyd v. Werholtz, 443 F. App'x 331, 332 (10th Cir. 2011)(unpublished), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

procedural due process protections that the Supreme Court set forth in Wolf v. McDonnell, 418 U.S. 539 (1974).  See Northington v. McGoff, 1992 WL 149918, at *4.

Those procedural safeguards are as follows: (i) the inmate should receive "advance written notice of the claimed violation" so that he can marshal the facts and prepare a defense; (ii) "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare" for the hearing; (iii) the inmate "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; (iv) "[w]here an illiterate inmate is involved, . . . or [where] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case," the inmate should be given assistance at the hearing; and (v) the inmate should receive "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken."  Wolf v. McDonnell, 418 U.S. at 564-70.  Benjamin does not allege that he did not receive the these procedural safeguards.  Accordingly, the Court will dismiss Benjamin's claim against Urquidi.

Nor is relief available on Benjamin's claims against Defendants Jerry Roak, Ricardo Salayandia, and Steve Nance.  He alleges that these Defendants showed deliberate indifference and violated the New Mexico Corrections Department's policies in denying his appeal after the first incident and in failing to respond to his grievance after the second incident.  As the United States Court of Appeals for the Tenth Circuit has stated,

> there is no independent constitutional right to state administrative grievance procedures.  Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process.  Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."  Consequently, any alleged deprivation of the prison grievance process here failed to implicate [the plaintiff's] right of access to the courts, and the

district court was therefore correct to dismiss the amended complaint for failure to state a claim.

Boyd v. Werholtz, 443 F. App'x 331, 332 (10th Cir. 2011)(unpublished)(citations omitted). Benjamin's assertions that these actions also violated corrections department policies do not support his § 1983 claims. "It is well established . . . that a state's violation of its own laws does not create a claim under § 1983." Rector v. City & Cnty. of Denver, 348 F.3d 935, 947 (10th Cir. 2003). See also Gomez v. Toledo, 446 U.S. 635, 640 (1980)(restating that a § 1983 complaint must assert a violation of a federal right). The Court will dismiss Benjamin's claims against Roark, Salayandia, and Nance.

**IT IS ORDERED** that: (i) Plaintiff Bernest Benjamin III's claims against Defendants Luis Urquidi, Jerry Roak, Ricardo Salayandia, and Steve Nance, are dismissed; (ii) Urquidi, Roak, Salayandia, and Nance are dismissed as parties to this action; and (iii) the Clerk of the Court for the United States District Court for the District of New Mexico is directed to issue notice and waiver of service forms, with copies of the Prisoner's Civil Rights Complaint and this Memorandum Opinion and Order, for Defendants James Jackson, Lawrence Artiaga, and Michael Holman.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

Bernest Benjamin III
Lea County Correctional Facility
Hobbs, New Mexico

    *Plaintiff pro se*