IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNEST BENJAMIN,

    Plaintiff,

v().                                                                        No. 14-cv-0784 JB/SMV

JAMES JACKSON, et al.,

    Defendants.

## ORDER TO SUBMIT *MARTINEZ* REPORT

THIS MATTER is before the Court sua sponte. Plaintiff initiated his civil rights action pursuant to 42 U.S.C. § 1983 seeking injunctive and monetary relief. Complaint [Doc. 1.] at 13. On June 29, 2015, the Honorable James O. Browning, United States District Judge, issued a Memorandum Opinion and Order dismissing four of the six Defendants. [Doc. 8]. Plaintiff's remaining claims stem from two separate incidents.

The first incident involves Defendant James Jackson and is alleged to have occurred on June 8, 2012. [Doc. 1] at 6–8. Plaintiff alleges that Defendant Jackson untruthfully told another inmate that Plaintiff had referred to him as a "snitch," which incited the inmate to attack the Plaintiff. *Id*. at 6. Plaintiff further alleges that Defendant Jackson "told the officers on duty not to stop [the attack] for a few minutes or until it was over." *Id*. Plaintiff states that the attack left him unconscious, requiring stitches, and with permanent damage to his left eye. *Id*. at 6–7.

The second incident involves Defendants Lawrence Artiaga and Michael Holman and is alleged to have occurred on November 8, 2012. *Id*. at 9–11. Defendants Artiaga and Holman admit in their answer that they took part in a transport of prisoners, including Plaintiff, from the

Penitentiary of New Mexico in Santa Fe to the Southern New Mexico Correctional Facility in Las Cruces. [Doc. 14] at 8. Plaintiff alleges that Defendants suddenly stopped the van in response to the prisoners' complaints about hunger and need to use the restroom, causing the handcuffed Plaintiff and other prisoners to fall to the floor. [Doc. 1] at 10. Defendants Artiaga and Holman admit in their answer that "a chemical spray was dispersed" while the van was stopped. [Doc. 14] at 3. Plaintiff alleges that the Defendants' use of the spray caused burning sensations, coughing, and a "P.T.S.D. panic attack." [Doc. 1] at 10. He also states that he has continued to suffer adverse mental health effects since this incident. *Id*. at 11.

In order to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims, Defendants are **ORDERED** to submit materials that will help this Court resolve Plaintiff's claims, in the form of a *Martinez* report, as explained herein.

In a suit brought by a pro se prisoner, the Court may order the defendants to investigate the incident underlying the suit and to submit a report of the investigation, known as a *Martinez* report. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or sua sponte. *Id.* at 1109–10; *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment sua sponte, as long as the opposing party was on notice that she had to come forward with all her evidence). However, the prisoner must be

given an opportunity to present evidence to controvert the facts set out in the report.  *Hall*, 935 F.2d at 1109.

### Directions for Preparing the *Martinez* Report

Defendants' *Martinez* report must address the allegations against them as well as any defenses raised in their answer that they wish to pursue.  **Defendants and their counsel shall undertake a diligent inquiry to obtain and produce the current or last known address of Defendant Jackson.**

Defendants must abide by the following instructions in preparing their report:

1)  The report must include a written brief that discusses Plaintiff's claims.  Factual assertions in the briefs must be supported by proof, such as affidavits or documents.  *See Hayes v. Marriott*, 70 F.3d 1144, 1147–48 (10th Cir. 1995).

2)  The report must state whether records pertaining to the allegations exist.

3)  The report must state whether policies or regulations addressing the allegations exist.

4)  If relevant records, policies, or regulations do exist, copies must be included as attachments to the reports.  The attachments should be arranged in a logical order and must be properly authenticated by affidavits.  *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006).

In addition, Defendants shall provide a *Vaughn* index[1] which includes a substantial description of any documents Defendants contends should not be disclosed. *In camera* review of

---

[1] "A *Vaughn* index is a compilation prepared by the government agency…listing each of the withheld documents and explaining the asserted reason for its nondisclosure." *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 940 n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

those documents may be required by further Court order.

The *Martinez* report must be filed and served on Plaintiff no later than **November 23, 2015**. Plaintiff must file his response or objections to the report no later than **December 21, 2015**. Defendants must file their reply, if any, no later than **January 4, 2016**. **The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or sua sponte. Therefore, the parties should submit whatever materials they consider relevant to their claims and defenses.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**