IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BERNEST BENJAMIN,**

    **Plaintiff,**

v.   No. 14-cv-0784 JB/SMV

**JAMES JACKSON, et al.,**

    **Defendants.**

### ORDER FOR LIMITED DISCOVERY

THIS MATTER is before the Court on Plaintiff's August 11, 2015 letter regarding service of Defendant James Jackson, Jr.[1] [Doc. 10]. Plaintiff explained that due to Defendant Jackson's retirement, Plaintiff could not locate a current address for him. *Id.* Accordingly, the Court ordered the other Defendants and their counsel to inquire as to Defendant Jackson's address. [Doc. 16] at 3. Defense counsel provided an address for Defendant Jackson *in camera*, and on September 25, 2015, the Court directed the Clerk to issue a notice and waiver of summons for Defendant Jackson. [Docs. 17, 18]. However, Defendant Jackson has not waived service, and the *Martinez* Report recently filed on behalf of the other Defendants gives no indication that he intends to do so. *See* [Doc. 19] at 1.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's August 11, 2015 letter [Doc. 10] is construed as a motion for discovery of Defendant Jackson's last known address. The motion is **GRANTED**. Defendants and their counsel must undertake a

---

[1] This is a civil rights action brought under 42 U.S.C. § 1983. [Doc. 1]. At all relevant times, Plaintiff has been incarcerated. However, he paid the full filing fee and is not proceeding *in forma pauperis* under 28 U.S.C. § 1915. [Doc. 4]. Thus, § 1915(d)—which allows officers of the Court to serve process on behalf of indigent Plaintiffs—does not appear to be available.

diligent inquiry to obtain and, no later than **December 28, 2015**, produce to Plaintiff the current or last known address of Defendant Jackson.

     **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**