IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BERNEST BENJAMIN,**

    Plaintiff,

v.                                                                            No. 14-cv-0784 JB/SMV

**JAMES JACKSON, LAWRENCE ARTIAGA, and MICHAEL HOHMAN,[1]**

    Defendants.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion for Appointment of Counsel [Doc. 53], filed on August 3, 2016. Plaintiff proceeds pro se in this 42 U.S.C. § 1983 action.[2] He says that he needs an attorney because he believes the facts are complex and he does not feel "able to defend himself at this point on." [Doc. 53] at 1.

Overwhelmingly, in prisoner civil rights cases, the plaintiff prisoner is indigent and proceeds *in forma pauperis* under 28 U.S.C. § 1915. United States District Courts lack the authority to appoint counsel to represent indigent prisoners in civil rights cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989); *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). However, in certain exceptional circumstances, a court may *request* the voluntary assistance of counsel pursuant to § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the

---

[1] Defendants indicate that the correct spelling is "Hohman," rather than "Holman." *See* [Doc. 19] at 1 n1.

[2] Plaintiff was incarcerated when he filed this lawsuit on August 28, 2014. *See* [Doc. 1] at 16. On June 10, 2016, he notified the Court that he had been released. *See* [Doc. 47] at 1. Apparently, however, he has been re-incarcerated because he notified the Court of his updated address at a detention facility on August 3, 2016. *See* [Doc. 52].

factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

However, in this case, Plaintiff paid the full filing fee, *see* [Doc. 4] and, thus, is not proceeding *in forma pauperis*. He is not proceeding under § 1915 and, therefore, does not qualify for the Court to request an attorney to voluntarily represent him. Even if he were proceeding under § 1915, however, the Court would not ask an attorney to take the case. Plaintiff has been adequately presenting his claims. More importantly, the Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel. The undersigned has already found that Plaintiff failed to exhaust his administrative remedies and recommended that the case be dismissed. [Doc. 48] at 6−9.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Appointment of Counsel [Doc. 53] is **DENIED** at this time;

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**