IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNEST BENJAMIN,

    Plaintiff,

vs.

                                                          No. CIV 14-0784 JB/SMV

JAMES JACKSON, LAWRENCE ARTIAGA,
and MICHAEL HOHMAN,[1]

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 16, 2016 (Doc. 48)("PFRD"). In the PFRD, the Honorable Stephan M. Vidmar, United States Magistrate Judge, construed the Martinez[2] Report on Behalf of Defendants Artiaga and Hohman, filed November 23, 2015 (Doc. 19)("MSJ"), as a motion for summary judgment. See PFRD at 1. Judge Vidmar found that Plaintiff Bernest Benjamin had failed to exhaust his administrative remedies as to his claims against Lawrence Artiaga and Michael Hohman. See PFRD at 1. He therefore recommended

---

[1] The Defendants indicate that the correct spelling is "Hohman," rather than "Holman." See MSJ at 1 n.1.

[2] The United States Court of Appeals for the Tenth Circuit has explained:

> When the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison officials (referred to as a *Martinez* report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims.

Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(citing Martinez v. Aaron, 570 F.2d 317, 318-19 (10th Cir. 1978)).

granting Artiaga and Hohman's MSJ and dismissing Benjamin's claims against them without prejudice. See PFRD at 1. He further recommended denying pending motions for additional discovery, including: (i) the "Motion for Production and Inspection of Documents" and Tangibles, filed January 8, 2016 (Doc. 24); (ii) the Motion to Subpoena Medical Records "Fourthwith," filed January 15, 2016 (Doc. 26); (iii) the Motion for Extension of Time to Obtain or Complete the "Martinez Report" "Fourthwith," filed January 25, 2016 (Doc. 30); (iv) the Motion to Subpoena Grievance Logs of "Central Corrections Facility" and "Southern New Mexico Correctional Facilities Fourthwith," filed January 25, 2016 (Doc. 31); (v) the Motion for Subpoena for Production of Camera Photos "Fourthwith," filed January 25, 2016 (Doc. 32); (vi) the Motion for a Subpoena for Submission of Affidavit "Fourthwith," filed January 25, 2016 (Doc. 33); and (vi) the Motion to Obtain a Subpoena, filed January 27, 2016 (Doc. 35)(collectively, "Pending Motions for Additional Discovery"); and granting Benjamin's Motion to Use and Amend Doc. 15 as Amendment to "Original Complaint," filed January 27, 2016 (Doc. 34)("Motion to Amend").

Judge Vidmar granted Benjamin's request for an extension of time to object to the PFRD, admonishing Benjamin that he would need to show good cause for any further requests for extensions and would have to file any such request before the corresponding deadline. See Order Granting Plaintiff's Motion for Extension of Time at 2, filed July 11, 2016 (Doc. 51)("Order Granting Extension of Time"). Benjamin's extended deadline has come and gone. Benjamin[3] has neither filed objections to the PFRD nor requested an additional extension of time. The Court will adopt the PFRD, and dismiss without prejudice Benjamin's claims against Artiaga and Hohman. Additionally, the Court will grant Benjamin's Motion to File in CM/ECF Pro Se, filed

---

[3]Benjamin is no longer incarcerated. See PFRD at 3 n.2.

- 2 -

June 10, 2016 (Doc. 47), deny Benjamin's Pending Motions for Additional Discovery, and grant Benjamin's Motion to Amend.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(c).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"  United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Okla., 73 F.3d 1057, 1059 (10th Cir.

1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[4] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986), superseded by statute on other grounds as stated in De Vargas v. Mason & Hanger-Silas Mason Co., 911 F.2d 1377 (10th Cir. 1990); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059.

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of this waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S.Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R.Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.

---

[4]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

>Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id. at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(c), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(c), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a

party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit also noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because such action would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district court elected to address merits despite potential application of waiver rule, but circuit court opted to enforce waiver rule).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[5]

---

[5]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

## ANALYSIS

Judge Vidmar granted Benjamin's request for an extension of time to object to the PFRD, admonishing Benjamin that he would need to show good cause for any further extension requests and would have to file any such request before the relevant deadline. See Order Granting Extension of Time at 2. Benjamin's extended deadline has come and gone. Benjamin has neither filed objections to the PFRD nor requested an additional extension of time. The Court will adopt the PFRD, and dismiss Benjamin's claims against Artiaga and Hohman without prejudice. Additionally, the Court will grant Benjamin's Motion to File in CM/ECF Pro Se, filed June 10, 2016 (Doc. 47), deny Benjamin's Pending Motions for Additional Discovery, and grant Benjamin's Motion to Amend.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 16, 2016 (Doc. 48), are adopted; (ii) Plaintiff Bernest Benjamin's claims against Defendants Lawrence Artiaga and Michael Hohman are dismissed without prejudice; (iii) Benjamin's Motion to File in CM/ECF Pro Se, filed June 10, 2016 (Doc. 47), is granted; (iv) Benjamin's "Motion for Production and Inspection of Documents" and Tangibles, filed January 8, 2016 (Doc. 24), Motion to Subpoena Medical Records "Fourthwith," filed January 15, 2016 (Doc. 26), Motion for Extension of Time to Obtain or Complete the "Martinez Report" "Fourthwith," filed January 25, 2016 (Doc. 30), Motion to Subpoena Grievance Logs of "Central Corrections Facility" and "Southern New Mexico Correctional Facilities Fourthwith," filed January 25, 2016 (Doc. 31), Motion for Subpoena for Production of Camera Photos "Fourthwith," filed January 25, 2016 (Doc. 32), Motion for a Subpoena for Submission of Affidavit "Fourthwith," filed January 25, 2016 (Doc. 33), and Motion to Obtain a Subpoena,

- 8 -

filed January 27, 2016 (Doc. 35), are denied; (v) and Benjamin's Motion to Use and Amend Doc. 15 as Amendment to "Original Complaint," filed January 27, 2016 (Doc. 34), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Bernest Benjamin
Los Lunas, New Mexico

    *Plaintiff pro se*

Nancy L. Vincent
New Mexico Corrections Department
Santa Fe, New Mexico

    *Attorney for the Defendants*