**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BERNEST BENJAMIN,

    Plaintiff,

vs.                                                                                                                       No. CIV 14-0784 JB/SMV

JAMES JACKSON, LAWRENCE ARTIAGA,
and MICHAEL HOHMAN,[1]

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING THE PLAINTIFF'S POST-JUDGMENT MOTIONS

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed September 21, 2016 (Doc. 65)("§ 1915 Motion"); (ii) the Plaintiff's Motion to Amend or Make Additional Factual Findings and/or to Alter or Amend the Judgment, filed September 21, 2016 (Doc. 66)("Motion to Find Facts"); (iii) the Plaintiff's Motion to or for Leave to Amend Pleading with Pleading in Rule 59 and 52(b) filed September 18, 2016, filed October 3, 2016 (Doc. 67)("Motion to Amend"); and (iv) the Plaintiff's Motion to Stay Pending Disposition of Motions, filed October 3, 2016 (Doc. 68)("Motion to Stay"). Plaintiff Bernest Benjamin filed the § 1915 Motion, the Motion to Find Facts, the Motion to Amend, and the Motion to Stay after the Court entered its Final Judgment, filed August 31, 2016 (Doc. 60)("Final Judgment"). Benjamin waived his objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 16, 2016 (Doc.

---

[1]The Defendants indicate that the correct spelling is "Hohman" rather than "Holman." See *Martinez* Report on Behalf of Defendants Artiaga and Hohman at 1 n.1, filed November 23, 2015 (Doc. 19).

48)("PF&RD"), and he does not show good cause for his failure to timely serve Defendant James Jackson. The Court will deny the post-judgment motions.

I. **THE COURT WILL DENY THE CLAIMS AGAINST JACKSON.**

Benjamin initiated this lawsuit on August 28, 2014. See Prisoner's Civil Rights Complaint at 1, filed August 28, 2014 (Doc. 1)("Complaint"). He paid the full filing fee and did not proceed in forma pauperis ("IFP"). See Notice of Payment of Filing Fee, dated September 11, 2014 (Doc. 4). Benjamin was aware in August of 2015 that Jackson had still not been served, and he wrote a letter asking for guidance on effecting service. See Letter at 1, filed August 10, 2015 (Doc. 10)("First Letter"). The Honorable Judge Stephan Vidmar, United States Magistrate Judge for the District of New Mexico, ordered Defendants Michael Hohman and Lawrence Artiaga to diligently search for Jackson's address. See Order to Submit *Martinez* Report at 3, filed September 23, 2015 (Doc. 16)("*Martinez* Order"). Once they produced an address, he ordered the Clerk to send a waiver-of-service form to Jackson. See Redacted Order at 1, filed September 25, 2015 (Doc. 17)("Redacted Order"). Jackson did not, however, waive service.

On November 25, 2015, therefore, Judge Vidmar construed Benjamin's August 2015 First Letter as a motion for limited discovery. See Order for Limited Discovery at 1, filed November 25, 2015 (Doc. 20)("Discovery Order"). He granted it, and ordered Hohman and Artiaga to produce Jackson's address to Benjamin so that Benjamin could arrange for service. See Discovery Order at 1. In November of 2015, Benjamin knew that he was responsible for serving Jackson and that the Court could not serve him, because Benjamin was not proceeding IFP. See Discovery Order at 1 n.1. On January 25, 2016, Benjamin requested a summons for Jackson "so [he could] have him served." Letter at 1, filed January 25, 2016 (Doc. 29)("Second Letter"). The summons was issued and mailed to Benjamin the next day. Nevertheless, by June 16, 2016,

there was no evidence on the record that Jackson had been served, and Judge Vidmar ordered Benjamin to show good cause no later than July 7, 2016, why his claims against Jackson should not be dismissed for lack of service under rule 4(m) of the Federal Rules of Civil Procedure. See Order to Show Cause at 1, filed June 16, 2016 (Doc. 49)("Order to Show Cause").

Benjamin did not respond to the Order to Show Cause until after the deadline had passed. Benjamin's motion for extension of time was signed on July 8, 2016, one day after the deadline. Even though the motion was clearly late, Judge Vidmar granted it. See Order Granting Plaintiff's Motion for Extension of Time at 2, filed July 11, 2016 (Doc. 51)("Extension Order"). Judge Vidmar gave Benjamin until July 28, 2016, to show cause why the claims against Jackson should not be dismissed for lack of service. Extension Order at 2. Judge Vidmar warned Benjamin, however, that he would "be required to show good cause for any further requests for extension of time, and any such request must be filed *prior* to the corresponding deadline." Extension Order at 2. Still, Benjamin did not respond by the extended deadline of July 28, 2016.

It was not until August 18, 2016 -- three weeks after the extended deadline passed -- that Benjamin mailed another motion for extension of time to show cause why his claims against Jackson should not be dismissed. See Motion to Extend Time at 1, filed August 24, 2016 (Doc. 55)("Motion to Extend"). The Court dismissed Jackson without prejudice under rule 4(m) on August 31, 2016. See Memorandum Opinion and Order of Dismissal at 1, filed August 31, 2016)(Doc. 59)("Dismissal MOO").

After the Court entered its Final Judgment on August 31, 2016, Benjamin submitted numerous filings. He urges the Court to vacate its Final Judgment and give him more time. He requests that the Court reopen the case and permit him leave to proceed IFP, presumably so that the Court will serve Jackson. Cf. Motion to Extend at 1; Response to Order to Show Cause at 1-2,

filed September 2, 2016 (Doc. 61)("Response"); § 1915 Motion at 1-3; Motion to Stay at 1. Benjamin explains that he tried to serve Jackson "by certified mail through his cellmate at the Lea County Correctional facility." Response at 1. Benjamin asks the Court to order the mailroom staff at the jail to "give the Court the mailing of [the] certified mailing." Response at 1. Benjamin also reports that he cannot afford to serve Jackson. See Motion to Extend at 1; Motion to Extend Time to File Objections to Proposed Findings and Recommended Disposition at 1, filed August 24, 2016 (Doc 56)("PFRD Motion to Extend").

Rule 4(m) provides that, where a plaintiff shows good cause for missing the service-of-process deadline, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). When this provision is invoked,

> district courts should proceed . . . in the following manner: The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Accord Sanders v. Sw. Bell Tel., L.P., 544 F.3d 1101, 1111 (10th Cir. 2008).

In some circumstances, "good cause exists to excuse a plaintiff's failure to serve where the plaintiff is proceeding [IFP] and is therefore entitled to rely on service by the [Marshals]." Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003). United States Court of Appeals for the Tenth Circuit cases have established some of the contours between justifiable reliance on the process server -- whether it be the Marshals, a privately retained third party, or a pro se litigant himself -- and unjustifiable reliance, and they have set a high bar for a plaintiff endeavoring to show the former. For instance, the Tenth Circuit has discerned no abuse of discretion where a district court

dismissed a complaint after the pro se plaintiff asserted he had mailed the summons in a timely fashion but failed to timely effectuate it. See Espinoza v. United States, 52 F.3d at 841. The Tenth Circuit has likewise discounted an attorney's misinterpretation of rule 4 as a reason to find good cause, and has deemed irrelevant that no prejudice inured to the defendants from the lateness or the fact that the statute of limitations expired before dismissal. See Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir. 1994). In addition, the Tenth Circuit has made clear that an attorney's failure to monitor a hired process server and ensure timely service does not constitute good cause. See Cox v. Sandia Corp., 941 F.2d 1124, 1125-26 (10th Cir. 1991). Last, as a general matter, the Tenth Circuit has explained in the pro se context that "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service." In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996).

In this case, Benjamin does not show good cause why he failed to serve Jackson. Judge Vidmar gave him multiple chances to serve Jackson. No permissive extension of time is appropriate.

## II. THE COURT WILL NOT GRANT AN EXTENSION OF TIME REGARDING BENJAMIN'S CLAIMS AGAINST DEFENDANTS HOHMAN AND ARTIAGA.

On the Court's reference by the undersigned, see Order Referring Case, filed December 23, 2014 (Doc. 7)("Referral Order"), Judge Vidmar ordered Defendants Hohman and Artiaga to submit a Martinez[2] report addressing Benjamin's complaint that they violated his constitutional

---

[2]The United States Court of Appeals for the Tenth Circuit has explained:

> When the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison officials (referred to as a *Martinez* report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims.

Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(citing Martinez v. Aaron, 570 F.2d 317,

rights during a prison transport when they dispersed a chemical spray into the transport van. See Martinez Order at 1-4. Judge Vidmar construed Artiaga and Hohman's *Martinez* Report on Behalf of Defendants Artiaga and Hohman, filed November 23, 2015 (Doc. 19)("Martinez Report"), as a motion for summary judgment, see PF&RD at 1. Judge Vidmar concluded that Benjamin had failed to exhaust his administrative remedies as to his claims against Artiaga and Hohman. See PF&RD at 1. He therefore recommended granting Artiaga and Hohman's Martinez Report and dismissing Benjamin's claims against them without prejudice. See PF&RD at 1. Objections to the PFRD were due no later than July 5, 2016. See PF&RD at 1.

Benjamin neither objected nor moved for an extension of time to object by July 5, 2016. He dated a request for an extension of time July 8, 2016 -- three days after the deadline to object. See Extension Order at 2. Nevertheless, Judge Vidmar allowed Benjamin until July 28, 2016, to object. See Extension Order at 2. He admonished Benjamin, however, that he would be required to show good cause for any further requests for extension of time and that any such request must be filed prior to the corresponding deadline. See Extension Order at 2.

The July 28, 2016, deadline passed, and Benjamin had neither filed any objection nor any motion for an extension of time to do so. It was not until August 18, 2016, that he drafted a motion for extension of time. See PFRD Motion to Extend at 2. The PFRD Motion to Extend was not docketed until August 24, 2016. See PFRD Motion to Extend at 2. Benjamin explained that he had been re-incarcerated on July 18, 2016, and the half-way house -- presumably where he had been living -- had lost his files and records. See PFRD Motion to Extend at 1. Benjamin also reported that he would not have access to a law library for sixty days while he awaited transfer

---

318-19 (10th Cir. 1978)).

to a prison.  See PFRD Motion to Extend at 1-2.  Lastly, he urged that he had valid objections, but he gave no indication what they might be.  See PFRD Motion to Extend at 2.

Later, on August 23, 2016, Benjamin drafted his objections, which were docketed on August 26, 2016.  See Objections to Doc. 48 Proposed Findings and Recommended Disposition at 3, filed August 26, 2016 (Doc. 57)("Objections").  Benjamin argues that Judge Vidmar erred, because Benjamin's Inmate Grievance was not really submitted on November 29, 2012, as Benjamin himself has repeatedly alleged.  See Objections at 1-3.  Benjamin objects to the PF&RD, because he says that the Inmate Grievance was submitted on November 26, 2012, and thus, was timely.  See Objections at 1-2.

This objection is waived for two reasons.  First, Benjamin never raised this issue before Judge Vidmar.  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  Second, the objection is waived as untimely.  See Klein v. Harper, 777 F.3d 1144, 1147 (10th Cir. 2015)(stating that, in this circuit, there is a "firm waiver rule[.  T]he failure to timely object to a magistrate judge's finding and recommendations waives appellate review . . . . ) (internal quotation marks omitted).  The interests of justice would not be served by relieving Benjamin of the waiver.  The Court is not satisfied that Benjamin diligently attempted to comply with the deadline.  Even if Benjamin had been re-incarcerated on July 18, 2016, and even if the half-way house had lost his files, that does nothing to explain why he did not request a second extension of time before July 28, 2016.  Finally, the deciding issue in the PF&RD, the issue over which Benjamin presents an untimely objection, is exhaustion.  Exhaustion is a well-established area of the law, the development of which would not be served by allowing the untimely objection. Benjamin was afforded ample opportunity to object.  He did not object in a timely manner.  His

objections are waived.   See Klein v. Harper, 777 F.3d at 1147 ("We may grant relief from the firm waiver rule in the interests of justice, considering such factors as a pro se litigant's effort to comply, the force and plausibility of his explanation for not complying and the importance of the issues raised.").

**IT IS ORDERED** that the Plaintiff's requests to vacate the Final Judgment and for extensions of time in the: (i) Plaintiff's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed September 21, 2016 (Doc. 65); (ii) Plaintiff's Motion to Amend or Make Additional Factual Findings and/or to Alter or Amend the Judgment, filed September 21, 2016 (Doc. 66); (iii) Plaintiff's Motion to or for Leave to Amend Pleading with Pleading in Rule 59 and 52(b) filed September 18, 2016, filed October 3, 2016 (Doc. 67); and (iv) Plaintiff's Motion to Stay Pending Disposition of Motions, filed October 3, 2016 (Doc. 68), are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Bernest Benjamin
Los Lunas, New Mexico

    *Plaintiff pro se*

Nancy L. Vincent
New Mexico Corrections Department
Santa Fe, New Mexico

    *Attorney for the Defendants*