IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNEST BENJAMIN,

    Plaintiff,

v.                                                                                                                    No. CIV 14-0784 JB/SMV

JAMES JACKSON, Lieutenant of
N.M. Department of Corrections, Southern
New Mexico Correctional Facility; LUIS
URQUIDI, Sergeant of N.M. Department of
Corrections, Southern New Mexico Correctional
Facility; RICARDO SALAYANDIA; STEVE
NANCE, Warden of Southern New Mexico
Correctional Facility; JERRY ROAK, Director
of Corrections; LAWRENCE ARTIAGA and
MICHAEL HOHMAN,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING LEAVE TO PROCEED ON APPEAL PURSUANT TO 28 U.S.C. § 1915 AND FED. R. APP. P. 24

**THIS MATTER** comes before the Court on the Prisoner's Motion and Affidavit For Leave To Proceed On Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24, filed September 25, 2017 (Doc. 72) and Account Statement to Cure Deficiency, filed October 12, 2017 (Doc. 81). The Court concludes that Plaintiff Bernest Benjamin's appeal is not taken in good faith and, therefore, the Court will deny his motion to proceed in forma pauperis on appeal.

Title 28 of the United States Code, § 1915(a)(3), provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). For purposes of § 1915(a)(3), an appeal is taken in good faith if the appellant identifies "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir.

1991). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" Spearman v. Collins, 500 F. App'x. 742, 743 (10th Cir. 2012)(unpublished)(quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." Coppedge v. United States, 369 U.S. at 445. See Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002)(noting that an appeal is frivolous if "it lacks an arguable basis in either law or fact").

On June 16, 2016, the Honorable Stephan Vidmar, United States Magistrate Judge for the United States District Court for the District of New Mexico, issued Proposed Findings and Recommended Disposition, filed June 16, 2016 (Doc. 48)("PFRD"), recommending that Defendants Lawrence Artiaga's and Michael Homan's Motion for Summary Judgment be granted and that the claims against them be dismissed without prejudice. See PFRD at 9. Objections to the PFRD were due on July 5, 2016 and Benjamin neither filed any objections nor moved for an extension of time by the July 5, 2016 deadline. See Order Granting Plaintiff's Motion for Extension of Time at 1, filed July 11, 2016 (Doc. 51)("Extension Order"). On July 8, 2016, three days after the deadline expired, Benjamin moved for an extension of time. See Motion for Extension of Time at 1, filed July 8, 2016 (Doc. 50). In the interest of justice, Judge Vidmar granted the requested extension and ordered Benjamin to submit his objections on or before July 28, 2016. See Extension Order at 2. Judge Vidmar warned Benjamin that he would "be required to show good cause for any further requests for extension of time, and any such request must be filed *prior to* the corresponding deadline." Extension Order at 2.

Benjamin did not file any Objections or request an extension of time by the July 28, 2016 deadline. On August 18, 2016, however, Benjamin drafted a motion requesting an extension of

time in which to file objections, which was docketed on August 24, 2016.  See Motion for Extension of Time for Objections to Proposed Findings and Recommended Disposition 1-3, filed August 24, 2016 (Doc. 56).  On August 23, 2016, Benjamin drafted his Objections, which were docketed on August 26, 2016.  See Objections to Doc. 48 Proposed Findings and Recommended Disposition 1-3, filed August 26, 2016 (Doc. 57).  In light of Benjamin's failure to file any timely Objections, the Court adopted the PFRD and dismissed Benjamin's claims against Artiaga and Hohman without prejudice.  See Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition at 7, filed August 31, 2016 (Doc. 58) ("MOO").

As previously explained to Benjamin in the Court's MOO, his Objections to the PFRD were waived because they were never raised before Judge Vidmar nor were they timely filed. Memorandum Opinion and Order Denying the Plaintiff's Post-Judgment Motions at 7, dated August 22, 2017 (Doc. 69)("Post-Judgment MOO").  In light of the firm-waiver rule, the Court determines that Benjamin does not have a reasoned, nonfrivolous argument on appeal with respect to the dismissal of his claims against Artiaga and Hohman.  See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)(holding that the "firm waiver rule" "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions").

With respect to Benjamin's claims against Defendant James Jackson, the Court dismissed those claims without prejudice pursuant to rule 4(m) of the Federal Rules of Civil Procedure, because Benjamin did not serve Jackson with process.  See Memorandum Opinion and Order of Dismissal, filed August 31, 2016 (Doc. 59).  Benjamin was aware that he had to serve process on Jackson as early as November of 2015, but nonetheless did not effectuate service in accordance

with rule 4(m).  See Post-Judgment MOO at 2-3.  On June 16, 2016, Magistrate Judge Vidmar ordered Benjamin to show good cause, no later than July 7, 2016, why the Court should not dismiss his claims against Jackson for lack of service under rule 4(m).  See Order to Show Cause, filed June 16, 2016 (Doc. 49).  Benjamin did not respond to the Order to Show Cause until after the deadline had passed.  See Motion for Extension of Time.  Despite Benjamin's untimely filing, Judge Vidmar granted him an extension of time, until July 28, 2016, in which to respond to the Order to Show Cause.  See Extension Order at 2.  Judge Vidmar warned Benjamin that he would "be required to show good cause for any further requests for extension of time, and any such request must be filed *prior to* the corresponding deadline."  Extension Order at 2 (emphasis in original).  Despite this warning, Benjamin did not file a response by the July 28, 2016 deadline.

On August 18, 2016, approximately three weeks after the extended deadline had expired, Benjamin mailed another motion for extension of time in which to show good cause why the Court should not dismiss his claims against Jackson.  See Motion for Extension of Time to Court's Order to Show Cause and to Move in Forma Pauperis, filed August 24, 2016 (Doc 55).  On August 31, 2016, the Court dismissed Benjamin's claims against Jackson without prejudice for failure to effectuate service as rule 4(m) requires.  See Memorandum Opinion and Order of Dismissal at 1.  In light of Benjamin's failure to serve Jackson as rule 4(m) requires and his failure to respond to the Order to Show Cause by the July 28, 2016 deadline, he does not have a reasoned nonfrivolous argument on appeal challenging the dismissal of his claims against Defendant Jackson without prejudice.

For the reasons explained above, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that Benjamin's appeal is not taken in good faith.  Benjamin is advised that he may file a motion

for leave to proceed on appeal in forma pauperis with the United States Court of Appeals for the Tenth Circuit within thirty days after service of this Order.  See Fed. R. App. P. 24(a)(5).

**IT IS ORDERED** that: (i) the request in the Prisoner's Motion and Affidavit For Leave To Proceed On Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24, filed September 25, 2017 (Doc. 72) is denied; (ii) the Court certifies that the appeal is not taken in good faith; and (iii) the Court directs the Clerk of the Court to notify the United States Court of Appeals for the Tenth Circuit of this denial and certification.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Bernest Benjamin
Central New Mexico Correctional Facility
Los Lunas, New Mexico

    *Plaintiff pro se*

Nancy L. Vincent
Paula E. Ganz
New Mexico Corrections Department
Santa Fe, New Mexico

    *Attorneys for Defendants Lawrence Artiaga and Michael Hohman*