IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNEST BENJAMIN,

    Plaintiff,

vs.                                                      No. CIV 14-0784 JB/SMV

JAMES JACKSON; LAWRENCE ARTIAGA
and MICHAEL HOHMAN,[1]

    Defendants.

## MEMORANDUM OPINION AND ORDER ON POST-JUDGMENT MOTIONS

**THIS MATTER** comes before the Court on the United States Court of Appeals for the Tenth Circuit's Order (dated October 31, 2017), filed October 31, 2017 (Doc. 85)("Tenth Cir. Order"), abating the appeal pending the Court's disposition of any motion listed in rule 4(a)(4) of the Federal Rules of Civil Procedure that Plaintiff Bernest Benjamin timely filed, see Tenth Cir. Order at 1-2. None of the pending motions qualify as a rule 4(a)(4) motion. See Motion in Leave for Motion to Severance Claims and Claim "One" James Jackson to seek Leave of the Court to Proceed in Pursuant to 28 U.S.C. Sec. 1915 [Doc. 65], filed September 25, 2017 (Doc. 73) ("First Motion"); Motion for Leave to Amend/Supplement Pleading in [Doc. 55] & [Doc. 61] "Nunc Pro Tunc" and Make Additional Factual Finding Thereof, filed September 25, 2017 (Doc. 74)("Second Motion"); Motion in Leave to Amend/Supplement the Record/Pleading of [Doc.'s 56 & 57]; and Consolidate to [Doc. 42] Nunc Pro Tunc and Make Additional Factual Findings Thereof; or Alter Judgment [Doc. 69]; 48 & 58] Nun Pro Tunc and Use Internal Facts & "Affidavit" of Cause (1) as Affidavit for this Cause (2) of; Lawrence Artiaga & Michael Hohman,

---

[1] Defendants indicate that the correct spelling is "Hohman," rather than "Holman." Martinez Report on Behalf of Defendants Artiaga and Hohman at 1 n.1.

filed September 26, 2017 (Doc. 77)("Third Motion"); Motion for Leave in Plaintiff to Motion the Count for an Extension of Time per [Doc. 74] Rule 59(e) & 15, filed October 17, 2017 (Doc. 82) ("Fourth Motion"); Motion in Leave Motion for Extension of Time for [Doc. 77] & 74] & Amend & Consolidate to [Doc. 82], filed October 23, 2017 (Doc. 83)("Fifth Motion"). The Court will deny them.

## PROCEDURAL BACKGROUND

Benjamin's Prisoners Civil Rights Complaint, filed August 28, 2014 (Doc. 1) ("Complaint"), asserts claims against Defendant James Jackson for an alleged incident on June 8, 2012. See Complaint at 5-9. Benjamin also asserts claims against Defendants Lawrence Artiaga and Michael Hohman for an unrelated incident on November 8, 2012. See Complaint at 9. Benjamin paid the full filing fee and did not proceed in forma pauperis ("IFP"). See Notice of Payment of Filing Fee, dated September 11, 2014 (Doc. 4).

Benjamin became aware no later than November of 2015 that he was responsible for serving Jackson, because he was not proceeding IFP. See Memorandum Opinion and Order Denying the Plaintiff's Post-Judgment Motions at 2, filed August 22, 2017 (Doc. 69) ("Post-Judgment MOO"). Nevertheless, by August of 2016, Benjamin still had not effectuated service. See Post-Judgment MOO at 2. The claims against Defendant Jackson were dismissed without prejudice for lack of service on August 31, 2016. See Memorandum Opinion and Order of Dismissal at 1, filed August 31, 2016 (Doc. 59).

The Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended that the Court dismiss claims against Artiaga and Hohman without prejudice for failure to exhaust administrative remedies. See Magistrate Judge's Proposed Findings and Recommended Disposition at 1, filed June 16, 2016 (Doc. 48)("PFRD"). Despite two extensions of time,

Benjamin did not timely object to the Magistrate Judge's PFRD. The Court adopted the PFRD, and dismissed the claims against Artiaga and Hohman on August 31, 2016. See Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and recommended Disposition at 7-8, filed August 31, 2016 (Doc. 58); Memorandum Opinion and Order of Dismissal at 1, filed 59 (Doc. 59). The Court entered Final Judgment. See Final Judgment, filed August 31, 2016 (Doc. 60).

On August 22, 2017, the Court ruled on several motions Benjamin had filed wherein Benjamin asked for more time. See Post-Judgment MOO 5-7. The Court found that, under rule 4(m) of the Federal Rules of Civil Procedure, Benjamin had not shown good cause for his failure to timely serve Jackson and that no permissive extension was appropriate. See Post-Judgment MOO at 4-5. As to the claims against Artiaga and Hohman, the Court concluded that Benjamin had not timely objected to the PFRD and that the interests of justice would not be served by relieving him of the firm waiver. See Post-Judgment MOO at 7-8.

Benjamin appealed on September 25, 2017. See Petitioner's Notice of Appeal to Orders [Docs. 58, 59, 60, 69] & [48], (2) to All Denied Motion Within Above Doc. Numbers Within Orders, filed September 25, 2017 (Doc. 71). On the same day that he appealed and for about one month after he appealed, Benjamin filed several additional motions with the Court. See First Motion; Second Motion; Third Motion; Fourth Motion; Fifth Motion; Benjamin Letter to the Court (dated October 22, 2017), filed October 24, 2017 (Doc. 84). Benjamin asks the Court to vacate the Final Judgment as to Jackson and reopen the case. See Second Motion at 1; Third Motion at 1; Fourth Motion at 1; Fifth Motion at 1. He asserts numerous procedural grounds. None are availing. He asks the Court to "sever" the claims against Jackson from those against the other Defendants and to allow him to proceed IFP against Jackson, presumably to relieve him of

the duty to effectuate service.  See First Motion at 1.  He offers describes how he became separated from his legal paperwork at a halfway house.  See Second Motion at 3-4.  He again asks the Court to obtain records from the mailroom at the Lea County Detention Center, which he believes will support his allegation that he attempted to serve Jackson.  See Second Motion at 4-5.  He alleges that he did not receive certain orders from the Court while incarcerated.  See Second Motion at 5-6.  He insists that he was diligent in pursing his claims against Jackson.  See Second Motion at 7.  He urges that all of these allegations amount to good cause for failing to timely effectuate service.  See Second Motion at 7.  He therefore would like the Court to vacate the Final Judgment and allow him more time to either serve Jackson or to grant him IFP status so that the Court will attempt service for him.  See Second Motion at 1.

Plaintiff makes similar requests as to the judgment on the claims against Artiaga and Hohman.  See Third Motion at 1-9, Fourth Motion at 1-2, Fifth Motion at 1-2.  He insists that Magistrate Judge Stephan M. Vidmar misunderstood certain important facts, and he makes arguments about them.  See Third Motion at 2-4.  He wishes to amend his responses to the Martinez report.[2]  See Third Motion at 2 (citing Response to the Martinez Report of Defendants Artiaga and Hohman on Behalf of Plaintiff, filed February 12, 2016 (Doc. 42)).  He alleges that he did not understand his deadline, because he was denied access to court rules.  See Fourth Motion at 1.

---

[2] A Martinez report is a "judicially authorized investigative report prepared by prison officials to help the court determine if 'a pro se prisoner's allegations have any factual or legal basis.'"  Simkins v. Bruce, 406 F.3d 1239, 1241 (10th Cir. 2005)(quoting Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992)).  In this case, the Martinez report is Martinez Report on Behalf of Defendants Artiaga and Hohman, filed November 23, 2015 (Doc. 19).

# ANALYSIS

On October 31, 2017, the Tenth Circuit abated Benjamin's appeal pending the Court's disposition of any motion listed in rule 4(a)(4) of the Federal Rules of Civil Procedure that Benjamin had timely filed. See Tenth Cir. Order at 1-2. Rule 4(a) of the Federal Rules of Civil Procedure reads:

> (4) *Effect of a Motion on a Notice of Appeal.*
>
> > (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> >
> > > (i) for judgment under Rule 50(b);
> > >
> > > (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
> > >
> > > (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
> > >
> > > (iv) to alter or amend the judgment under Rule 59;
> > >
> > > (v) for a new trial under Rule 59;
> > >
> > > (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a). None of Benjamin's motions qualify under this rule.

None of the motions could be reasonably construed as brought under rule 50(b) of the Federal Rules of Civil Procedure, because there has been no trial and no motion under rule 50(a) of the Federal Rules of Civil Procedure. See M.D. Mark, Inc. v. Kerr-McGee Corp., 565 F.3d 753, 762 (10th Cir. 2009)("Kerr-McGee did not assert these arguments in its Rule 50(a) motion at the close of Mark's case-in-chief, and is thus precluded from relying on them as a basis for Rule 50(b)

relief."). None of the motions could be fairly construed as a motion for attorney's fees under rule 54 of the Federal Rules of Civil Procedure because none is related to attorney's fees in any way. None of Benjamin's motions qualify under any other provision of rule 4(a) of the Federal Rules of Civil Procedure, because all the remaining provisions have a deadline of twenty-eight days after judgment was entered, and Plaintiff's motions were all filed more than one year after final judgment was entered. See Fed. R. App. P. 4(a)(ii), (iv–vi); Fed. R. Civ. P. 52(b) (twenty-eight day deadline); Fed. R. Civ. P. 59 (twenty-eight day deadlines to move to alter or amend the judgment or for new trial).

Irrespective of rule 4(a) of the Federal Rules of Appellate procedure, none of Benjamin's currently pending motions have a sound basis in the law or in this case's facts. There is no persuasive procedural or factual basis to revisit the Final Judgment or the post-judgment ruling already made. See Post-Judgment MOO at 1-2. See generally Torre v. Federated Mut. Ins. Co., 906 F. Supp. 616, 619 (D. Colo. 1995)(granting a motion to alter or amend is an "extraordinary remedy" to be used "sparingly," in recognition of the interests in finality and the conservation of judicial resources). Cf. Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006) (discussing related standard under rule 60(b) of the Federal Rules of Civil Procedure).

**IT IS ORDERED** that: (i) the Plaintiff's Motion in Leave for Motion to Severance Claims and Claim "One" James Jackson to seek Leave of the Court to Proceed in Pursuant to 28 U.S.C. Sec. 1915 [Doc. 65], filed September 25, 2017 (Doc. 73); Motion for Leave to Amend/Supplement Pleading in [Doc. 55] & [Doc. 61] "Nunc Pro Tunc" and Make Additional Factual Finding Thereof, filed September 25, 2017 (Doc. 74); Motion in Leave to Amend/Supplement the Record/Pleading of [Doc.'s 56 & 57]; and Consolidate to [Doc. 42] Nunc Pro Tunc and Make Additional Factual Findings Thereof; or Alter Judgment [Doc. 69]; 48 & 58] Nun Pro Tunc and

use Internal Facts & "Affidavit" of Cause (1) as Affidavit for this Cause (2) of; Lawrence Artiaga & Michael Hohman, filed September 26, 2017 (Doc. 77); and Motion for Leave in Plaintiff to Motion the Count for an Extension of Time per [Doc. 74] Rule 59(e) & 15, filed October 17, 2017 (Doc. 82); Motion in Leave Motion for Extension of Time for [Doc. 77] & 74] & Amend & Consolidate to [Doc. 82], filed October 23, 2017 (Doc. 83), are denied; (ii) the Plaintiff's request for a copy of the district court's local rules, see Motion for Leave in Plaintiff to Motion the Count for an Extension of Time per [Doc. 74] Rule 59(e) & 15 at 6, filed October 17, 2017 (Doc. 82), is granted, and the Clerk of Court of the United States District Court for the District of New Mexico is directed to forward a copy of the local rules to the Plaintiff; and (iii) the Clerk of Court should supplement the preliminary record on appeal as rule 3.2(B) of the Tenth Circuit Rules requires.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Bernest Benjamin
Northeast New Mexico Detention Facility
Clayton, New Mexico

    *Plaintiff pro se*

Nancy L. Vincent
Paula E. Ganz
New Mexico Corrections Department
Santa Fe, New Mexico

    *Attorneys for Defendants Lawrence Artiaga and Michael Hohman*